## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**Solomon Thomas, Pro Se**

*(Write the full name of each plaintiff who is filing this complaint.  If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-against-**

**United States Department of Agriculture**

**Farm Service Agency**

Patrick L. Goode, Acting County Executive Director (USDA FSA)

*(Write the full name of each defendant who is being sued.  If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. TDC 2 5 CV 0 4 0 0 5
*(to be filled in by the Clerk's Office)*

Jury Trial:     ☐ Yes    ■ No
*(check one)*



FILED
LOGGED
ENTERED
RECEIVED

DEC 05 2025

BY

CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

DEPUTY

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Solomon Thomas |
| Street Address | 185B Seagrass Lane |
| City and County | Arverne |
| State and Zip Code | New York 11692 |
| Telephone Number | 1-516-355-1902 |
| E-mail Address | Solomonthomas2022@hotmail.com |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | U. S. Department of Agriculture, Farm Service Agency |
| Job or Title (if known) | |
| Street Address | 1400 Independence Ave., S.W. |
| City and County | Washington |
| State and Zip Code | District of Columbia 20250 |
| Telephone Number | |
| E-mail Address (if known) | |

2

Defendant No. 2

| | |
|---|---|
| Name | Patrick L. Goode |
| Job or Title (if known) | Acting County Executive Director |
| Street Address | 5301 Marlboro Race Track Road |
| City and County | Upper Marlboro |
| State and Zip Code | Maryland 20772 |
| Telephone Number | (301) 574-5162 ext. 2 |
| E-mail Address (if known) | patrick.goode@usda.gov |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

*(If there are more than four defendants, attach an additional page providing the same information for each additional defendant.)*

3

**II.      Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

  ■ Federal question                  ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.      If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Jurisdiction is conferred under 28 U.S.C. §1331 _____

Jurisdiction is conferred under 28 U.S.C. §1361 (mandamus). _____

_____

**B.      If the Basis for Jurisdiction Is Diversity of Citizenship**

1.      The Plaintiff(s)

a.      If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

b.      If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

4

2.    The Defendant(s)

    a.    If the defendant is an individual

        The defendant, *(name)* _____, is a citizen of
the State of *(name)* _____. *Or* is a citizen of
*(foreign nation)* _____.

    b.    If the defendant is a corporation

        The defendant, *(name)* _____, is
incorporated under the laws of the State of *(name)*
_____, and has its principal place of
business in the State of *(name)* _____. *Or* is
incorporated under the laws of *(foreign nation)*
_____, and has its principal place of
business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

The amount in controversy exceeds Two Hundred Million Dollars $200,000,000. Based on

total financial losses suffered by the plaintiff, including loss of USDA disaster relief payments,

soil degradation impacts, and other damages caused by the defendant's failure to act.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. Plantiff Solomon Thomas is the purchaser of agricultural property located at 11305 Riverview Road, Fort Washington, Maryland 20744, intended for livestock production and eligible agricultural program participation. Plantiff began the acquisition and program application in October 2025.

2. On October 27, 2025, Plaintiff submitted required USDA Farm Service Agency (FSA) program form, including requests for assistance under the Emergency Livestock Relief Program (ELRP). Additional supporting documents, were submitted October 2025 to Prince George's FSA Office.

3. Defendants include the United States Department of Agriculture (USDA), Farm Service Agency (FSA), FSA County Office staff, and responsible officials involved in processing, and approving the submitted application documents and communicating status and requirements to Plaintiff.

4. Between October 2025 and November 2025, Plaintiff repeatedly requested status updates and completion of processing. Defendants acknowledge receipt of documents but did not process the application, provide a decision, or communicate final determinations of Equitable Relief.

5. As a result of Defendants' continued non-action, delays and failure to process the application, the Plaintiff suffered risk of collapse of the agricultural operation, including risk to shoreline stability, infrastructure and intended agricultural activities on the property.

6. On multiple occasions in 2025, Plaintiff notified Defendants in writing that failure to process the funding request was causing urgent and escalating damage to the property and agricultural production plans. Defendants did not take corrective action.

Continued: See Attached

6

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. For any request for injunctive relief, explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

a. Immediate processing and release of ELRP emergency relief funding submitted for 1305 Riverview Road, Fort Washington, MD.

b. Temporary Restraining Order (TRO) and Preliminary Injunction preventing further delay and compelling action

c. Writ of Mandamus directing Defendants to complete processing and issue the ELRP payment determination without further delay.

d. Emergency hearing at the earliest available date due to irreparable harm and ongoing agricultural property risk.

e. Any further relief the Court deems just, proper, and equitable.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 15th December, 20 21.

Signature of Plaintiff

Printed Name of Plaintiff    Solomon Thomas

*(If more than one plaintiff is named in the complaint, attach an additional certification and signature page for each additional plaintiff.)*

### B.    For Attorneys

Date of signing: _____, 20__.

Signature of Attorney        _____

Printed Name of Attorney    _____

Bar Number                  _____

Name of Law Firm            _____

Address                     _____

Telephone Number            _____

Email Address               _____

8

**VERIFIED FEDERAL COMPLAINT**

**Section II — Short and Plain Statement of the Claim**

As required under FRCP Rule 8

1.      **Plaintiff Solomon Thomas** is the purchaser of agricultural property located at **1305 Riverview Road, Fort Washington, Maryland**, intended for livestock production and eligible for agricultural program participation. Plaintiff began the acquisition and program application process on **October 27, 2025**.

2.      On **October 27, 2025**, Plaintiff submitted required USDA Farm Service Agency (FSA) program forms, including requests for assistance under the **Emergency Livestock Relief Program (ELRP)**. Additional supporting documents, certifications, and Letter of Intent verification were submitted throughout **October-November 2025** to the Prince George's County and Talbot County FSA offices.

3.      **Defendants include the United States Department of Agriculture (USDA), Farm Service Agency (FSA), FSA County Office staff, and responsible officials involved in processing Plaintiff's ELRP funding request.** Defendants were responsible for reviewing, processing, and approving the submitted application documents and communicating status and requirements to Plaintiff.

4.      Between **October 2025 and November 2025**, Plaintiff repeatedly requested status updates regarding the processing and completion of the emergency funding request. Defendants acknowledged receipt of documents but did not process the application, provide a decision, or communicate final determinations.

5.      As a result of Defendants' continuing delay and failure to take required action, Plaintiff suffered **imminent agricultural operational risk**, including risk to shoreline stability, livestock infrastructure, and intended agricultural activities on the property.

6.      On **multiple occasions in 2025**, Plaintiff notified Defendants in writing that failure to process the funding request was causing urgent and escalating damage to the property and agricultural production plans. Defendants did not take corrective action or provide a timeline for review.

7.      The ongoing delay has left Plaintiff unable to complete development and operational improvements required to protect the land from erosion and maintain safe agricultural use, causing continuing and irreparable harm.

8. Plaintiff seeks **immediate processing and release of the emergency relief funding** that has already been applied for and **equitable relief** necessary to prevent further property loss and agricultural impairment.

## Section III — Claims for Relief (Numbered Claims Required by Court)

### Claim 1 — Administrative Inaction and Failure to Perform a Required Duty

9. Plaintiff incorporates all prior paragraphs as if set forth herein.

10. Defendants have a mandatory duty to review, process, and respond to Plaintiff's ELRP request.

11. Defendants have failed to act within a reasonable timeframe, causing harm to the Plaintiff.

### Claim 2 — Unreasonable Delay Resulting in Irreparable Harm

12. Defendants' unreasonable delay has resulted in substantial and ongoing damage, including loss of financial opportunity and agricultural operational capacity.

13. Plaintiff continues to suffer irreparable injury without immediate action.

### Claim 3 — Failure to Provide Required Agency Determination

14. Plaintiff has submitted all required documentation and satisfied all program eligibility requirements.

15. Defendants failed to issue approval, denial, or written determination, thereby depriving Plaintiff of required due process and statutory program rights.

## Section IV — Relief Requested

Plaintiff respectfully requests that the Court grant the following relief:

a. **Immediate processing and release of ELRP emergency relief funding** submitted for 1305 Riverview Road, Fort Washington, MD.

b. **Temporary Restraining Order (TRO)** and **Preliminary Injunction** preventing further delay and compelling action.

c. **Writ of Mandamus** directing Defendants to complete processing and issue the ELRP payment determination without further delay.

d. **Emergency hearing** at the earliest available date due to irreparable harm and ongoing agricultural property risk.

e. **Any further relief the Court deems just, proper, and equitable.**

**Verification**

I, **Solomon Thomas**, verify under penalty of perjury that the facts above are true and correct to the best of my knowledge.

**Solomon Thomas, Plaintiff**

Date: _____

CERTIFICATE OF SERVICE

I certify that on this __1st__ day of __December__, 2025, I served a true and correct copy of the foregoing Complaint and related filings upon the following by certified mail, postage prepaid:

United States Attorney's Office

District of Maryland

Greenbelt Division
6500 Cherrywood Lane
Greenbelt, MD 20770

Attorney General of the United States

U.S. Department of Justice

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

Secretary of Agriculture

U.S. Department of Agriculture

Office of the General Counsel (OGC)

1400 Independence Avenue, SW

Washington, DC 20250

Patrick L. Goode

Acting County Executive Director

5301 MARLBORO RACE TRACK ROAD, SUITE 200

UPPER MARLBORO, MD 20772

I further provided a courtesy copy to the USDA Office of General Counsel.

Solomon Thomas