**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

SOLOMON THOMAS,

    Plaintiff,

    v.

UNITED STATES
DEPARTMENT OF AGRICULTURE,
FARM SERVICE AGENCY, and
PATRICK L. GOODE,
*Acting County Executive Director*,

    Defendants.

Civil Action No. 25-4005-TDC

**MEMORANDUM OPINION**

Self-represented Plaintiff Solomon Thomas filed this civil action against Defendants United States Department of Agriculture, Farm Service Agency ("FSA"), and FSA Acting County Executive Director Patrick L. Goode (collectively, "USDA") arising out of USDA's denial of Thomas's application for funding pursuant to the Livestock Forage Disaster Program ("LFP") in relation to a property in Fort Washington, Maryland. In the operative Amended Complaint, Thomas contends that USDA's failure to consider his request for equitable relief pursuant to 7 U.S.C. § 7996 in relation to his LFP application violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.

Thomas has filed a Motion for Limited Remand and a Motion to Compel Agency Action, through which he seeks an order compelling USDA to adjudicate his request for equitable relief. USDA has filed a Motion to Dismiss the Amended Complaint or, in the Alternative, Motion for Summary Judgment. The Motions are fully briefed. Upon review of the submitted materials, the

Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Thomas's Motions will be DENIED, and USDA's Motion will be GRANTED.

## BACKGROUND

Thomas resides in Arverne, New York. On August 16, 2025, Thomas submitted an application to USDA for funding under the Livestock Forage Disaster Program in relation to real property at 11305 Riverview Road in Fort Washington, Maryland ("the Property"). Through the LFP, USDA compensates "[e]ligible livestock owners or contract growers who are eligible producers of eligible grazed forage crop acreage" for "eligible grazing losses for covered livestock that occur due to a qualifying drought or fire that occurs in the calendar year for which benefits are being requested." 7 C.F.R. § 1416.201(b); *see id.* §§ 1416.201–.207.

In his application, Thomas sought funding based on a drought that allegedly occurred on August 1, 2025 and caused a loss of land available for grazing that affected 29 acres at the Property. Thomas certified that he had owned, leased, purchased, or entered into a contract to purchase or grow livestock that was grazing or would be grazing on the Property at the time of the drought, but he did not provide any information on such livestock. On October 21, 2025, Thomas submitted to USDA a "Farm Operating Plan" in which he stated that he "seeks to establish the Fort Washington Sustainable Agriculture and Veteran Training Center" at the Property and requested a $200 million grant from USDA. Am. Compl. Ex. A at 1–3, ECF No. 14-2. On October 24, 2025, Thomas sent to the current or former owners of the Property a "Letter of Intent" to acquire the Property, in which he proposed a purchase price and stated that the Letter was "intended solely as an expression of interest and does not constitute a binding purchase agreement." *Id.* at 37–38.

On October 27, 2025, Thomas sent an email to Goode and other USDA officials to request expedited consideration of his application as well as equitable relief pursuant to 7 U.S.C. § 7996, because he did not fully comply with all of the technical requirements of the LFP. The same day,

2

Goode responded by email and asked Thomas whether his mailing address should be updated from his New York address to the Property's address, and for information on the type and number of livestock at the Property during the drought.  Thomas replied that his New York address should remain as his mailing address and that "[t]here are currently no active livestock" at the Property, which "is under development for agricultural operations with planned livestock introduction." Am. Compl. Ex. C at 8, ECF No. 14-4.  Thomas reiterated his request for equitable relief.

On December 5, 2025, Thomas filed the original Complaint in this case.  On December 16, 2025, Thomas's LFP application was denied.  In a December 17, 2025 letter to Thomas, Goode explained that the LFP "provides compensation to eligible livestock producers who have suffered grazing losses for covered livestock" and meet certain other criteria, and that Thomas's application for LFP funding "for forage losses due to drought" at the Property was denied for three reasons: Thomas did not have any livestock at the Property, he did not establish that he had owned the Property or had a lease or other legal interest in it, and Prince George's County, Maryland, in which the Property is located, did not suffer a qualifying drought during the relevant time period. Joint Record 14–15, ECF No. 47-4.

On December 22, 2025, Thomas filed the operative Amended Complaint, in which he asserts two claims for violations of the APA in the following numbered counts:  (1) unlawfully withheld and unreasonably delayed agency action, in violation of 5 U.S.C. § 706(1); and (2) arbitrary and capricious agency action, in violation of 5 U.S.C. § 706(2)(A). In conjunction with the Amended Complaint, Thomas also submitted several exhibits, including his LFP application and other submissions to USDA, his Letter of Intent to purchase the Property, his email exchange with Goode, and various data and maps relating to drought, erosion, and other environmental conditions.

**DISCUSSION**

In the Amended Complaint and his two Motions, Thomas challenges USDA's failure to consider his request for equitable relief under 7 U.S.C. § 7996, which states in relevant part that:

> [USDA] may provide relief to any participant that is determined to be not in compliance with the requirements of a covered program, and therefore ineligible for a loan, payment, or other benefit under the covered program, if the participant . . . failed to comply fully with the requirements of the covered program, but made a good faith effort to comply with the requirements.

7 U.S.C. § 7996(b)(2).

In its Motion, USDA seeks dismissal of the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or summary judgment pursuant to Rule 56, on the grounds that the Court lacks subject matter jurisdiction because Thomas lacks standing to bring this case, that judicial review of USDA's equitable relief authority is not available under the APA, and that the Amended Complaint otherwise fails to state a claim upon which relief can be granted.

As discussed below, the Court finds that Thomas has sufficiently alleged standing. On the merits, the dispositive question of law common to all three Motions is whether the APA permits the Court to compel USDA to exercise its equitable relief authority under 7 U.S.C. § 7996 or to vacate USDA's denial of Thomas's application as arbitrary and capricious based on the failure to consider equitable relief. For the reasons set forth below, the Court concludes that it does not. Thomas's Motions will therefore be denied, and USDA's Motion will be granted.

**I.      Legal Standards**

It is the plaintiff's burden to show that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co., Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). Rule 12(b)(1) allows a defendant to move for dismissal when it believes that the plaintiff has failed to make that showing. When a defendant asserts that the plaintiff has failed to allege facts sufficient to establish subject matter jurisdiction, the allegations in the complaint are assumed to be true under the same

4

standard as in a Rule 12(b)(6) motion, and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When a defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *Kerns*, 585 F.3d at 192. The court should grant a Rule 12(b)(1) motion based on a factual challenge to subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

In support of its Motion, USDA has unilaterally filed a Joint Record, which includes Thomas's LFP application with its recorded denial, Goode's December 17, 2025 letter to Thomas,

the email exchange between Thomas and Goode, certain LFP eligibility data, and a January 14, 2026 declaration from the sole member of the limited liability company that owns the Property in which he states that Thomas does not have any legal interest in the Property and that he did not know of Thomas prior to learning of this lawsuit. Typically, when deciding a motion to dismiss under Rule 12(b)(6), the Court considers only the complaint and any attached documents. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Courts are permitted, however, to consider documents attached to a motion to dismiss "when the document is integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge the document's authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). Of the documents submitted by USDA, at least Thomas's LFP application and Goode's December 17, 2025 letter to Thomas are integral to the Amended Complaint, and where Thomas does not challenge their authenticity, the Court may consider them in ruling on USDA's Motion without converting it into a Motion for Summary Judgment.

## II. Standing

USDA first seeks dismissal on the grounds that Thomas lacks standing. The "irreducible constitutional minimum" requirements of standing consist of three elements: (1) the plaintiff must have suffered an "injury in fact"; (2) the injury must be fairly traceable to the actions of the defendant; and (3) it must be "likely" that the injury will be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted). USDA asserts that because Thomas has no legal interest in the Property, he cannot establish an injury based on any ongoing environmental damage to the Property that might be remedied by the LFP funds for which he applied. However, USDA's denial of Thomas's application for LFP funds is at least arguably

6

an injury sufficient to confer standing, and USDA acknowledges that "Thomas may have standing to challenge [its] denial of his application." Defs.' Mot. at 11, ECF No. 40-1. Therefore, the Court finds that, at this early stage, Thomas has sufficiently alleged standing to challenge USDA's adjudication of his application and will not grant USDA's Motion on this basis.

## III.   APA Claims

USDA next seeks dismissal of Thomas's APA claims on the grounds that the APA does not permit the relief he seeks. Under the APA, as relevant here, the "reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed; and . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(1), (2)(A). However, judicial review is unavailable under the APA if "statutes preclude judicial review" or if the agency action at issue is "committed to agency discretion by law." *Id.* § 701(a).

Here, the relevant agency action is USDA's failure to make a formal determination on whether it will exercise its authority to grant equitable relief to Thomas under 7 U.S.C. § 7996. In his Amended Complaint and Motions, Thomas asserts that USDA's failure to consider equitable relief warrants the Court's intervention, whether by compelling USDA to consider such relief or by finding that its failure to do so was arbitrary and capricious. In its Motion, USDA asserts that Thomas's requested relief is unavailable under the APA because (1) judicial review of a determination on equitable relief is precluded by 7 U.S.C. § 7996; and (2) USDA's equitable relief authority is committed to agency discretion by law.

As to the first argument, § 7996 states that a "discretionary decision by the Secretary [of Agriculture], the State Director, or the State Conservationist under this section . . . shall not be subject to review under" the APA. 7 U.S.C. § 7996(f). Here, however, where Thomas's allegation

is that no decision on equitable relief was made by any USDA official, this statutory provision does not necessarily operate to bar Thomas's specific claim. *See Lovo v. Miller*, 107 F.4th 199, 206–10 (4th Cir. 2024) (concluding that a statutory bar on judicial review of "a decision or action" by an agency does not bar judicial review of "inaction or delay"); *cf. Harmon v. U.S. Dep't of Agriculture*, 666 F. App'x 698, 701 (9th Cir. 2016) (stating that § 7996(f) barred the court from reviewing a denial of equitable relief where the official considered and denied the request for a specified reason).

Under the second argument, however, the Court finds that USDA's choice on whether or not to exercise its equitable relief authority is committed to agency discretion by law, such that Thomas's requested relief is unavailable under the APA. Generally, a court may compel an agency to take an action asserted to be "unlawfully withheld or unreasonably delayed . . . 'only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required* to take.'" *Lovo*, 107 F.4th at 210 (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)). "[W]here an agency is not required to do something, [a court] cannot compel the agency to act— let alone to act faster." *Id.* (quoting *Gonzalez v. Cuccinelli*, 985 F.3d 357, 366 (4th Cir. 2021)). To find that "an agency is mandated to act—and therefore that its failure to act is subject to judicial review," a court must conclude that the statutory or regulatory text is "sufficiently clear . . . that an agency is mandated to act." *Id.* at 211. Specifically, "the presence of 'unmistakably mandatory' language, such as the word 'will,' can provide sufficient evidence of the unequivocal command required for [a court] to hold that an agency is compelled to act," but "explicit references to an agency's discretion, or even to discretionary language, such as the term 'may,' are 'generally construed as permissive rather than mandatory.'" *Id.* (citations omitted). In the latter case, APA review of a failure to make a determination on whether to exercise such discretion is not available.

8

*See, e.g., Gonzalez v. Cuccinelli*, 985 F.3d 357, 366, 371 (4th Cir. 2021) (concluding that a statute stating that the agency "*may* grant work authorization" in accordance with certain eligibility standards does not require the agency to "wield its discretionary authority . . . to either grant or deny work authorization," such that the agency's "failure to adjudicate Plaintiffs' requests in a timely manner is unreviewable"); *Lovo*, 107 F.4th at 213, 216 (concluding that APA review was not available for a claim of an unreasonable delay in adjudicating an application, in part because the relevant regulatory provision stating that the agency "*may* adjudicate" such applications "offers a clear indication that [it] is not *mandated* to do so," and the agency thus "retains discretion under the regulations to decide if it will adjudicate an application at all").

Here, the equitable relief provision provides that USDA "*may* provide relief to any participant" who meets certain criteria. 7 U.S.C. § 7996(b) (emphasis added). Thus, like the statutes and regulations at issue in *Gonzalez* and *Lovo*, § 7996(b) commits decisions on whether to grant or deny equitable relief, as well as the choice not to act at all, to the agency's discretion, such that the APA's judicial review provisions do not apply. *See* 5 U.S.C. § 701(a)(2). The agency's failure to exercise that discretion thus cannot provide the basis for an APA claim under 5 U.S.C. § 706. Accordingly, Thomas cannot obtain the relief he seeks under the APA, and the Amended Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Thomas's Motion for Limited Remand will be DENIED; Thomas's Motion to Compel Agency Action will be DENIED; and USDA's Motion to Dismiss the Amended Complaint or, in the Alternative, Motion for Summary Judgment, construed as a Motion to Dismiss, will be GRANTED. A separate Order shall issue.

Date: June 25, 2026

THEODORE D. CHUANG
United States District Judge

10